ELWOOD J. SHARP and JAMES OTLEY EVANS, trading as SHARP & EVANS, *vs.* CALVIN I. SWAYNE.

*Principal and Agent—Personal Liability of Agent—Evidence—Estoppel.*

1. In an action to recover for labor and materials furnished in the erection of a building, under a contract with defendant, where defendant claimed that he was acting merely as chairman of the building committee of a certain club, and was therefore not personally liable, the fact that defendant had previously filed a sworn statement in a mechanic's lien proceeding by himself against the building in question, in which he claimed for the work and materials in controversy, as principal and contractor, affected his credit as a witness, but did not render him incompetent to testify in such action.

2. In an issue as to whether a certain transaction was had with defendant as agent, or on his personal responsibility, the question for determination was not whether defendant was in fact such agent, but whether credit was given him, in the particular transaction in question, as such agent, or on his personal responsibility.

3. An agent dealing with one who had no knowledge of such agency rendered himself personally liable on such contract, though, as between himself and another, he was only an agent.

4. One contracting with another, who knew at the time that, in such particular transaction, he was acting as agent of a third party, was not personally liable, in the absence of a distinct agreement to be so.

5. A statement by a party to an action, made in an affidavit filed therein, constituted no estoppel, where such action had been stayed without having been judicially determined.

6. The character in which the alleged agent deals with others may be considered by the jury only so far as it shows in what character he contracted with the plaintiff.

(*February 19, 1898.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*William S. Hilles* for plaintiffs.

*Benjamin Nields* and *John P. Nields* for defendants.

Superior Court, New Castle County, February Term, 1898.

ACTION of Assumpsit (No. 41, May Term, 1896). Narr. in common counts for goods, wares and merchandise sold and delivered, work and labor performed, money expended and advanced for the use of the defendant, and an account stated.

Bill of particulars filed. The plaintiffs claimed a balance of $676.36, with interest from April 3, 1893, alleged to be due under a contract entered into with the defendant for labor and the furnishing of certain materials in the erection and construction of a gymnasium, being an addition to the Warren Club building, located on West Street above Eighth, in the City of Wilmington. The defendant claimed he was acting simply as chairman of the Building Committee of the Warren Club, was not a contractor, and therefore not personally liable.

At the trial, when the plaintiffs had rested, the defendant, Swayne, was called to the stand by Mr. Nields, and at the request of Mr. Hilles he was sworn upon his *voir dire*. A paper purporting to be a statement and affidavit in a mechanic's lien proceeding against the building in question was shown Swayne, which he acknowledged to have been signed and filed by him. Mr. Hilles then asked the witness the following question : " In the paper which I hand you I find that you have made a claim against the Warren Club for excavating, stone and work, lime and sand, brick and brick-work. I will ask you whether those materials and the work for which you have made a claim were the materials furnished and work done by the plaintiffs in this action, and for which they seek to recover ?

"A. Yes, sir."

*Mr. Hilles* then objected to the defendant Swayne being sworn as a witness in the cause, because in a mechanic's lien suit docketed by him against the Warren Club on August 19, 1893, in his written statement therein made under oath, which statement included the balance claimed in this action, he averred that he was the principal and contractor, and that by reason thereof he was estopped by that record from denying that he was such principal and contractor.

*Mr. Nields*, for defendant, contended that Swayne could be permitted to explain the circumstances connected with the filing

of the paper in question, and that he was a competent witness in the cause.

LORE, C. J :—We have given this matter a great deal of thought during the recess of the Court, having considered the arguments presented and examined the authorities cited, so far as we could, and the conclusion that the Court have reached is that this does not go to the competency of the witness to exclude him from the witness stand, but when properly presented it does go to his credit, if the statements of the witness prove to be contrary to each other. The rule is very well laid down in *1 Greenleaf on Evidence, Sec. 204 :*

"With regard, then, to the conclusiveness of admissions, it is first to be considered, that the genius and policy of the law favor the investigation of truth by all expedient and convenient methods ; and that the doctrine of estoppels, by which further investigation is precluded, being an exception to the general rule, founded on convenience, and for the prevention of fraud, is not to be extended beyond the reasons on which it is founded. It is also to be observed, that estoppels bind only parties and privies, and not strangers. Hence it follows, that though a stranger may often show matters in evidence, which parties or privies might have specially pleaded by way of estoppel, yet, in this case, it is only matter of evidence, to be considered by the jury. It is, however, in such cases, material to consider, whether the admission is made independently, and because it is true, or is merely conventional, entered into between the parties from other causes than a conviction of its truth, and only as a convenient assumption for the particular purpose in hand. For in the latter case, it may be doubtful whether a stranger can give it in evidence at all. Verbal admissions, as such, do not seem capable, in general, of being pleaded as estoppels even between parties or privies; but if, being unexplained or avoided in evidence, the jury should wholly disregard them, the remedy would be by setting aside the verdict. And when they are held conclusive, they are rendered effectually so by not permitting the party to give any evidence against them. Parol or verbal admissions, which have been held conclusive against the party, seem for the most part to be those

on the faith of which a court of justice has been led to adopt a particular course of proceedings, or on which another person has been induced to alter his conditions. To these may be added a few cases of fraud and crime, and some admissions on oath, which will be considered hereafter, where the party is estopped on other grounds."

In the case of the *Bank of Wilmington and Brandywine vs. Joseph F. Wollaston, 3 Harr., 90*, it is stated in the syllabus that "The principle of estoppels in *pais* is this : a party is estopped to deny his own acts and admissions, which were expressly designed to influence the conduct of another, and did so influence it, when such denial will operate to the injury of the latter."

In *1 Greenleaf on Evidence, Sec. 210*, it is laid down, that "The mere fact that an admission was made under oath does not seem alone to render it conclusive against the party, but it adds vastly to the weight of the testimony, throwing upon him the burden of showing that it was a case of clear and innocent mistake."

The weight of authority seems to be that it goes to his credit and not to his competency. We therefore think the defendant is a competent witness to testify in this action.

### PLAINTIFFS' PRAYERS.

The plaintiffs prayed as follows :

1. If the jury shall believe from the evidence that the defendant made a solemn judicial admission of his liability to the plaintiffs, as principal in the contract, he cannot now be heard to deny the facts admitted, but is estopped from so doing.

2. If the jury shall believe from the evidence that the defendant, by his sworn petition for a mechanic's lien, filed in this Court, averred that he was a contractor with the Warren Club, he is now estopped from denying that that relation existed.

3. If the jury shall believe from the evidence that the plaintiffs were influenced not to file a lien for their claim by

reason of the representations of the defendant that he would protect their interest by filing a lien of his own for that purpose, the defendant is now estopped from denying that he had a right to file such lien.

4. If the Court shall consider that the doctrine of estoppel does not apply, they will charge the jury that the declaration under oath made by Calvin I. Swayne, in his petition for mechanic's lien, it being a solemn judicial admission, is entitled to great weight as evidence in this cause.

### DEFENDANT'S PRAYERS.

The defendant prayed as follows :

1. If the jury shall believe that Swayne informed the plaintiffs that he was acting as agent for the Warren Athletic Club in making the contract he cannot be made personally liable unless he agreed to be so.

*Whitney vs. Wyman, 101 U. S., 392-396; 2 Kent's Commentaries, Sec. 630; Hartop ex-parte, 12 Vesey, Jr., 349-352; Owen vs. Cooch, 2 Esp. Rep., 567.*

2. Where the agency is disclosed, the creditor may bind the agent by giving him exclusive credit, only where the agent assents thereto or agrees to be personally bound.

"The inquiry in all cases is, to whom was the credit in contemplation of the parties, intended to be given?"

*2 Kent's Com., Sec. 633; Andrews vs. Allen, 4 Harr., 452; 2 Saunders Pleading and Evidence, 72; Patterson vs. Gandesequi, 15 East, 62; 1 Am. & Eng. Ency. of Law (2 Ed.) 1138.*

3. If the jury shall believe that the work and labor furnished by plaintiffs were completed April 3, 1893, and that the affidavit attached to the mechanic's lien was not filed until August 19, 1893, it cannot work an estoppel for the reason that the plaintiffs were not induced to act by reason of the affidavit to their injury, nor was their relation to the defendant in any manner changed.

*2 Smith's Leading Cases, The Duchess of Kingston's Case, 859-861; Eldred vs. Hazlett's Adm., 33 Pa. St. Rep., 311; McKenzie vs. Steele, 18 Ohio St. Rep., 38-42; Simons vs. Steele, 36 N. H., 79.*

LORE, C. J., charging the jury :

Gentlemen of the jury :—In this suit Sharp & Evans, the plaintiffs, seek to recover from Calvin I. Swayne, the defendant, the sum of $676.30, with interest from April 3, 1893, claimed as a balance due them for brick, sand, lime and material furnished and brick and stone work done by them, on an addition to the Warren Club building, located on West Street in this city, in the year 1893.

The plaintiffs aver that they furnished the materials and did the work at the instance of the defendant, for him and on his individual credit.   He, on the other hand, avers that he dealt with them as the agent of the Warren Club, as Chairman of the Building Committee of the Club.

These two contentions cover the real issue in this case; which is, whether in fact in the contract with Sharp & Evans, Swayne dealt with them upon his personal credit, or as the agent of the Warren Club.   The question is not whether in fact Swayne was the agent of the Club, and so dealt with other persons in respect to the work on this building; but whether he dealt as such agent with the plaintiffs in this particular contract; that is, whether Sharp & Evans, when they made this contract with Swayne, had knowledge from him or from any other source, that in that contract he was acting as agent and not on his own personal responsibility.   If they were not so advised, and had no knowledge of such agency, he would be personally liable, even though as between himself and the Club he was an agent only.   An agent may make himself liable personally in transactions with others, if he so deals with them that his agency is not disclosed.   On the other hand, if Sharp & Evans knew at the time they made the contract with Swayne, that in that particular contract he was acting as the agent of the Club, whether such knowledge came from Swayne, or from other sources, Swayne would not be personally liable, unless he distinctly agreed to be so.   It is not

whether Swayne was agent of the Club, or whether he dealt with other persons in respect to the said building as agent, but whether he acted as agent and made the contract as such agent with these plaintiffs in respect to the particular work they did about the building. The character in which he dealt with others may be considered by you only so far as it shows in what character he contracted with the plaintiffs.

The test is, "to whom was the credit in contemplation of the parties intended to be given." In this case was the credit given to Calvin I. Swayne on his personal liablity, or to him as agent of the Warren Club?

The plaintiffs contend that Swayne is estopped from denying his liability as principal and contractor in building the Warren Clubhouse addition; because, as he alleges, after the work was completed, which was in April, 1893, the plaintiffs were influenced not to file a mechanic's lien for their claim against the building, by reason of his representatation that he would protect their interests by filing a lien of his own for that purpose; and also because in such a lien suit, docketed in this Court by him against the Warren Club on August 19, 1893, in his written statement therein made under oath, which statement included the balance claimed in this action, he averred that he was such principal and contractor, and by reason thereof he was estopped by that record from denying that he was such principal and contractor.

The plaintiffs so claim, notwithstanding said suit was stayed and no judgment or determination had thereon. The cases cited in support of this contention are as follows: *Inskeep vs. Shields*, *4 Harr.*, *345*, where the Court held that parties were estopped from denying the truth of a fact recited in a deed under which they claimed title; *Tabbs vs. Lynch*, *4 Harr.*, *521*, where a party was held to be estopped from denying, that the land was vacant, where his title was based upon a grant from the State upon his own petition setting out that it was vacant lands; *Short et. al. vs. Prettyman*, *et. al.*, *1 Houst.*, *334*, where parties to a partition in Chancery were held estopped from denying the title of another party in the partition proceedings, inasmuch as the title was admitted by them in the proceedings, and had been so conclusively adjudicated by the Chancellor. These cases are all clearly

within the well-settled doctrine of estoppel, two of them for the reason among others that one may not claim title through a deed in one breath, and in the other disclaim his title ; and the other for the reason that the facts in dispute had been judicially ascertained and determined. These, however, are not applicable to the case at bar.

The plaintiffs claim that the estoppel is by record. Such estoppel must be as to some fact which has been clearly ascertained and conclusively determined by the record itself, which is not this case.

This is a statement, made in an affidavit filed in a mechanic's lien case, where the action has been stayed and no judicial determination whatever had. This precise point was decided in the case of *Beatty vs. Randall, 87 Mass. (5 Allen), 441,* where the Court held, '' The plaintiff in an action of *tort* for the conversion of property, was not estopped from maintaining the action in his own name, by proof that in a bill of equity, formerly brought by the plaintiff and wife against the defendant, which was signed and sworn to by the plaintiff, and afterwards discontinued, it was recited that the plaintiff and his wife were jointly possessed of the property.'' The Court below held that there was no estoppel, but that the recitals in the bill were strong evidence against the plaintiff on this point. The Supreme Court affirmed this ruling, holding that the plaintiff was not estopped by his allegation in his bill in equity, which he formerly brought against the defendant. At most they were evidence against the plaintiff to be considered by the jury. It will be observed that this decision covers the precise question under consideration, and is in conformity with the rulings of the Court already made in respect to the competency of Swayne as a witness.

The Court therefore instruct you, that the doctrine of estoppel is not applicable to the facts of this case. We do, however, instruct you that any and all statements and admissions made by the defendant elsewhere, contrary to his evidence given upon the witness stand in this case, go to his credibility ; and are so to be considered by you in making up your verdict. Where those statements or admissions are made under the sanction of an

VERDICT.

oath and filed in suit in this Court, you are to give them all the credit properly due to admissions and statements made in judicial proceedings, and under the solemnity of an oath; taking into consideration, however, all the facts and circumstances attending such statements or admissions, as they may be explained.

In conclusion, we come back to the single question in this case : to whom was the credit in the contemplation of the parties intended to be given in the contract made between them? If, from the evidence, you are satisfied that it was intended to be given to Swayne on his personal liability, your verdict should be for the plaintiff. If, on the other hand, you are satisfied from the evidence that it was given to Swayne as the agent of the Warren Club, then your verdict should be for the defendant.

Verdict for plaintiffs for $874.11.