INDUSTRIAL AIR, INC. OF GREENSBORO v. GEORGE BRYANT, DOING BUSINESS AS CONVERTERS YARN COMPANY AND CONVERTER'S YARN SALES, INC.

No. 7418SC656

(Filed 16 October 1974)

Contracts § 24; Corporations § 25— corporate president's signature on contract — no individual liability

In an action to recover for breach of a contract for installation of air conditioning in the plant of the corporate defendant, evidence that the president of the corporate defendant signed his name between the written corporate signature and his signature as president on the contract and that the word "Owner" was printed on the form below his name was not sufficient to support a finding that the president executed the contract as an individual, and the president was not individually liable on the contract where all the evidence concerning the negotiations and execution of the contract supports the conclusion that plaintiff did not deal with the president as an individual but as the executive officer of the corporate defendant.

APPEAL by defendant, George Bryant, from *Kivett, Judge,* 4 February 1974 Session of Superior Court held in GUILFORD County.

Heard in Court of Appeals 28 August 1974.

This is an action to recover damages for breach of contract. It is brought by plaintiff, a corporation engaged in the business of installing air conditioning systems, against Converter's Yarn Sales, Inc., a corporation, and George Bryant, individually, doing business as Converters Yarn Company.

The complaint alleges two causes of action which involved proposals made by plaintiff on 1 May 1971 and on 3 August 1971 for installing air conditioning systems in the manufacturing plant of defendants located at Efland, North Carolina. Plaintiff asserts that the defendants accepted both proposals but later breached the contracts causing damages of $6,000.00 under the 1 May 1971 cause of action and $5,310.00 under the 3 August 1971 cause of action.

Defendant corporation, Converter's Yarn Sales, Inc. (Converter's), and the individual defendant, George Bryant (Bryant), doing business as Converters Yarn Company, filed separate answers in which they denied the existence of any contracts and denied that plaintiff had sustained any damages. Converter's also set up a counterclaim for $11,460.00 arising out of the alleged improper installation of doffing equipment.

Plaintiff in its reply denied the counterclaim of Converter's and sought recovery of $7,600.25 as the purchase price for the doffing equipment.

The case was heard by the trial court without a jury.

The court made findings of fact from which it concluded that the corporate defendant, Converter's, had breached contracts which it had executed with the plaintiff arising out of the 1 May 1971 and 3 August 1971 proposals and that the individual defendant, Bryant, had breached the contract which he had executed arising out of the 3 August 1971 proposal. The trial court awarded damages in the amount of $3,504.00 from Converter's on the first cause of action and $5,310.00 from Converter's and Bryant, jointly and severally, on the second cause of action.

Converter's did not appeal.

Industrial Air, Inc. v. Bryant

The defendant Bryant appealed from that portion of the judgment holding him individually liable on the August contract.

Other facts which may be pertinent to a decision will be discussed in the opinion.

*Jordan, Wright, Nichols, Caffrey & Hill, by G. Marlin Evans, for plaintiff appellee.*

*Bryant, Lipton, Bryant & Battle, by James B. Maxwell and Lee A. Patterson II, for defendant appellant.*

BALEY, Judge.

This appeal brings into question only those matters decided by the trial court which relate to the individual defendant, George Bryant. If it is determined that there is no competent evidence that Bryant signed the August proposal of plaintiff as an individual, he would not be bound thereby. We are of the opinion that the exceptions of the defendant, Bryant, to the findings of fact and conclusions of law holding him to be individually liable under the August proposal are well taken, and the judgment entered against him must be reversed.

In its judgment the trial court recited the following pertinent findings of fact and conclusions of law:

### "FINDINGS OF FACT

. . . .

5. On or about August 3, 1971, the plaintiff submitted another proposal dated August 3, 1971, for the installation of a smaller air conditioning system in the new plant addition at Efland, North Carolina. On August 23, 1971, George Bryant executed the acceptance of the proposal by signing his name 'George A. Bryant,' as owner as well as by signing his name 'George Bryant' as president of Converter's Yarn Sales, Inc."

### "CONCLUSIONS OF LAW

. . . .

3. Both the defendant George A. Bryant, individually, and Converter's Yarn Sales, Inc., entered into a contract with the plaintiff for the installation of an air conditioning system for the sum of $23,539.00, and both defendants breached said contract.

4. The plaintiff has been damaged in the amount of $5,310.00 as a result of the breach of said contract, and the defendants George A. Bryant and Converter's Yarn Sales, Inc., are liable, jointly and severally, to the plaintiff in said amount."

Where a jury trial is waived, the findings of fact of a trial court are conclusive if supported by any competent evidence. If such findings of fact support a proper basis for the judgment, it will not be disturbed on appeal. *Cogdill v. Highway Comm.*, 279 N.C. 313, 182 S.E. 2d 373; *Huski-Bilt, Inc. v. Trust Co.*, 271 N.C. 662, 157 S.E. 2d 352.

The evidence in this case disclosed a series of negotiations concerning the installation of an air conditioning system in the plant of the corporate defendant. These negotiations were conducted on behalf of Converter's by its president, George Bryant. The proposals from plaintiff in May and August were made in writing to Bryant at the company address at Efland. The instructions to terminate any contracts which were entered were issued by Bryant as president of the corporation and on its stationery and were honored by plaintiff. The cancellation notice concerning the August proposal on which Bryant was held personally liable was on corporate stationery, signed by George A. Bryant, president, and specifically set out in the body of the letter "We are requesting that you hold up on any further progress concerning the air conditioning project for Converter's Yarn Sales, Inc." At no point in the evidence is there any indication that plaintiff was relying upon Bryant individually, but it was always dealing with him as the executive officer of the corporation. The August proposal which was an exhibit at the trial showed the following signature:

*Converter's Yarn Sales*

*George A. Bryant*
_____
(Owner)

By: _____ Title _____

Date: _____

The addendum to this proposal providing for an additional fume removal system and executed the same date was also on exhibit and showed:

The intent of the parties as revealed in the transaction as a whole, and not the signatures alone, determines liability. *Whitney v. Wyman*, 101 U.S. 392; *Fowle v. Kerchner*, 87 N.C. 49. The mere fact that Bryant signed "George A. Bryant" between the written corporate signature and his signature as president on the proposal of plaintiff and that the word "Owner" was printed on the form below his name is not sufficient evidence from which to find as a fact that he executed the contract as an individual. All the evidence concerning the negotiations and execution of the contracts supports the conclusion that plaintiff did not deal with Bryant as an individual but as the executive officer of Converter's.

The finding of fact that George Bryant executed the acceptance of the proposal by signing his name as owner is not supported by competent evidence. It would follow that the conclusion of law that Bryant, individually, had entered any contract with plaintiff is in error, and that portion of the judgment which awards recovery against Bryant is hereby vacated.

Reversed.

Judges BRITT and HEDRICK concur.