[No. 4566.]

FRAMBACH V. FRANK.

1.  **Principal and Agent—Personal Liability of Agent—Contracts.**
    Where a person contracts as the agent of another, which is shown by the contract itself, he will not be personally liable on the contract, although he executes the instrument in his own name instead of that of his principal, unless it clearly appears from the language of the contract that he intends to be personally liable.

2.  **Same.**
    Plaintiff and defendant entered into a written contract whereby plaintiff agreed to convey to defendant his interest in a mill, and defendant, acting for himself, or for a named corporation, agreed that if he purchased the mill at a receiver's sale, to be had in the future, for the corporation, he would pay plaintiff a certain sum for his interest, and if he purchased it for himself, plaintiff was to have a certain interest in the mill. At the receiver's sale defendant purchased the mill for the corporation. Held, that defendant was not personally liable to plaintiff for the sum agreed to be paid, but the liability was that of the corporation for whom the purchase was made.

*Appeal from the District Court of Arapahoe County: Hon. P. L. Palmer, Judge.*

This action was originally brought by appellee against appellant and The Cripple Creek Beam Milling Company, and afterwards dismissed as to the company. The right to a recovery is predicated upon the following agreement:

"*Articles of Agreement,* Entered into this 23d day of July, A. D. 1898, by and between Jerome B. Frank, of Denver, Colorado, party of the first part,

34

and H. A. Frambach of Denver, Colorado, party of the second part;

"*Witnesseth:* The party of the first part agrees to convey to the party of the second part all his interest in and to the cyanide mill located at Florence, Colorado, formerly operated by the American Reduction Company, and said party of the first part further agrees to use his best influence to obtain other interests in said mill from the owners thereof at the lowest possible prices, for the benefit of the party of the second part.

"The party of the second part, acting for himself or as agent of The Cripple Creek Beam Milling Company, agrees in the event he purchases said mill at the receiver's sale at Florence on day of sale, to pay the First National Bank, of Denver, Colorado, the obligations of the said American Reduction Company, amounting to ten thousand ($10,000.00) dollars, and accrued interest, and, further, pay the F. M. Davis Iron Works Company the amount of their claim against the machinery of the said Florence mill, amounting to between five and six thousand dollars, and, furthermore, pay to the party of the first part, for his interest in the said mill and machinery, if said purchase is made by the party of the second part for The Cripple Creek Beam Milling Company, the sum of ten thousand ($10,000.00) dollars and one hundred thousand shares of the capital stock of The Cripple Creek Beam Milling Company.

"It is further agreed by and between the said party of the first part and the said party of the second part, that, in the event of the said party of the second part concluding to purchase said Florence cyanide mill for himself, and not for The Cripple Creek Beam Milling Company, then the party of the first part is to receive a one-fourth interest in the said mill, or any company to be formed to take over

its title and to operate the same; said one-fourth interest to be full-paid and non-assessable; title to said one-fourth interest to be conveyed after said other interests are purchased as aforesaid.

"*In witness whereof*, the parties hereto have hereunto set their hands and seals, the day and year first above written.

"JEROME B. FRANK,        (Seal)

"H. A. FRAMBACH."        (Seal)

The appellant purchased the mill at the receiver's sale for the sum of ten thousand dollars for The Cripple Creek Beam Milling Company. He advanced the purchase price and took the title in his name to secure its repayment by the company. Upon the repayment of this sum to him he executed a deed for the property to the company. The company accepted the deed, took possession of the mill, and paid The First National Bank and The F. M. Davis Iron Works Company the amounts due them, in pursuance of the agreement. The court below found for the plaintiff, and rendered judgment against the defendant for $13,000. The case is here on appeal.

Messrs. TELLER & DORSEY, for appellant.

Mr. M. B. CARPENTER, for appellee.

Mr. JUSTICE GODDARD delivered the opinion of the court.

We think it satisfactorily appears from the evidence that the appellant was the authorized agent of the company, and acted as such agent in the purchase of the mill. The question to be determined, therefore, is whether this agreement, by its terms, imposes a personal obligation upon the appellant to pay the amount agreed to be paid the appellee notwithstanding the property was so purchased. In other words, Does the language used in the agree-

ment, when construed in the light of the surrounding circumstances, *ex vi termini*, bind the appellant, or does it obligate the company only, to pay to the appellee the consideration mentioned?

It is well settled that an agent may bind his principal by a written contract, not under seal, without executing the same in the name of the principal, if, from the whole instrument, it may be gathered that he either acts as agent, or intends to bind his principal. In such case, although he executes the instrument in his own name, he will not be personally bound, unless the language shows a clear intent to the contrary, and the presumption is that an apparent agent intends to bind his principal, and not himself.

In Story on Agency (9th ed.), § 160a, the rule in respect to written contracts, not under seal, is stated as follows:

"It is very clear from the authorities, that it is not indispensable, in order to bind the principal, that such a contract should be executed in the name, and as the act, of the principal. It will be sufficient, if, upon the whole instrument, it can be gathered, from the terms thereof, that the party describes himself and acts as agent, and intends thereby to bind the principal, and not to bind himself."

In general, when a person acts and contracts avowedly as the agent of another, who is known as the principal, his acts and contracts, within the scope of his authority, are considered the acts and contracts of the principal, and involve no personal liability on the part of the agent.—1 Am. and Eng. Ency. of Law (2d ed.), 1119; *Whitney v. Wyman*, 101 U. S. 392; *Smith v. Alexander*, 31 Mo. 193; *Rathbon v. Budlong*, 15 Johnson, 1; *Hall v. Huntoon*, 17 Vt. 244; 3 Clark & Marshall on Corps., p. 1860, § 615a; *Magill v. Hinsdale*, 6 Conn. 465.

It appears from the face of the agreement under consideration that it was contemplated and understood by the appellant and appellee that the former might act in one of two capacities in purchasing the mill—personally,' in his own behalf, or as agent of The Cripple Creek Beam Milling Company; and only in the event he should act in the representative capacity was the appellee entitled to the compensation sued for. Eliminating that part of the agreement which refers to the obligations of the appellant in the event that he should elect to purchase the mill for himself, there remains a complete agreement in which there is a full disclosure of the name of his principal, and the fact that appellant was acting as the agent of such principal, thus showing the capacity in which the promise was made, and who was intended to be bound thereby.

We think, therefore, that when tested by the foregoing rule, the agreement clearly evidences the obligation of the company, and exonerates the appellant from any personal liability thereunder, and the court below erred in rendering judgment against him. In this view of the instrument it becomes unnecessary to notice the objection urged against its validity, as the judgment must be reversed for the reasons given.                                              *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.