[No. 6444.]

## Cox et al. v. Borstadt.

1. **Contracts Construed**—One who executes a contract, describing himself in the body of the paper as "agent, party of the first part," and subscribes with the addition "agent for Bettie C. Payton," who does not sign, binds himself individually; the words "agent, etc.," are mere description.—(85-88)

The fact that in truth the party so assuming to represent Payton was entirely without authority, fortifies this conclusion.—(88)

2. **Principal and Agent—Agent's Liability to Third Person**—One who, assuming to act as agent for another, receives earnest money upon a contract not completed, and which the principal is unable to complete, is liable for the deposit. Payment to the principal after demand made by the depositor is no defense.—(89)

3. **Agent's Liability on Contract**—Agent who contracts in his own name about the principal's business, binds himself, even though the other party is informed of the agency.—(86-90)

*Error to Denver County Court* — Hon. Grant L. Hudson, Judge.

Messrs. Gregg & Heckendorf and Mr. R. H. Gilmore for plaintiffs in error.

Mr. L. J. Stark for defendant in error.

Mr. Justice Hill delivered the opinion of the court:

September 30, 1907, a written agreement was entered into in duplicate, as follows:

## "RECEIPT AND AGREEMENT.

"This Agreement, made and entered into this 30th day of September, 1907, by and between Victor M. Cox & Company, Agent, of the City and County of Denver, State of Colorado, party of the first part, and Jennie Woodall, of the City and County of Denver, State of Colorado, party of the second part:

"Witnesseth: That said second party, after a satisfactory investigation of the following property, viz: furnishings, tenancy and business of house, now owned by Bettie C. Payton, at 1253 South 15th St., Denver, Colorado, hereby offers for said property the total sum of $750 on the following terms, viz: $400.00 cash on or before the 3rd day of October, 1907, and balance of $350.00 as follows: 11 notes of $10 each, payable on or before each 30 days and 1 note for balance on or before one year, with interest at the rate of one per cent per month, said payments to be secured by chattel mortgage on above described property. And the said second party, as a guarantee of good faith in making above offer, hereby makes a payment of $100 as a deposit, which is to be applied as a part of the above mentioned $400 cash payment, the receipt whereof is hereby acknowledged by the party of the first part. It is understood and agreed that the said deposit and offer is made upon and subject to the following express conditions, viz: that said property shall be delivered with perfect title, free and clear of any incumbrance or liens, peaceable possession tendered

at present rental of $50 per month, including water, and that if said property cannot be delivered by said first party within the time specified and on the above mentioned terms and conditions, that the deposit hereby made shall be returned to said second party, and all parties to this agreement released from all obligations herein contained; however, if the above mentioned property can be delivered by said first party, according to the terms and conditions as herein stated, and said second party shall fail, refuse or neglect to make the additional payment as herein agreed, and comply with the conditions above provided, that the deposit hereby made shall be forfeited to said first party as liquidated damages, and all parties to this agreement released from all obligations herein contained.

"This agreement, executed in duplicate, the day and year first above written.

> "Victor M. Cox & Co.,
>> per J. H. Hammond, Agent for
> "Bettie C. Payton,
>> Party of the first part.
> "Jennie Woodall,
>> Party of the second part.

"I hereby accept above offer and agree to deliver the property above described, in accordance with the terms and conditions therein contained: And, hereby authorize Victor M. Cox & Co., Agent, to accomplish the sale in accordance with such offer.

"Dated ...............
>> "Principal and owner of property."

The $100 therein named was paid by Mrs. Borstadt, formerly Jennie Woodall, to the plaintiffs in error. It appears from the findings, upon conflicting evidence, that the property could not be turned over

as called for in this agreement; in this, that peaceable possession could not be given of the leased premises at the rate of rental therein called for, in that the owners of the building in which the furnishings are situate would not allow Mrs. Borstadt to continue the lease, and this action was brought by her to recover the $100.00 which she claims should have been returned to her under the conditions of the contract. Trial was to the court. Judgment was in her favor for this amount, from which this writ or error is prosecuted.

Two questions are necessary to be determined: First, it is claimed that the evidence shows the defendant in error (plaintiff below) refused to complete the contract, and that her right to the earnest money deposited had been forfeited without any fault on the part of the plaintiffs in error (defendants below) or on the part of Mrs. Payton (the owner of the property), for whom they claim they were acting. The evidence was conflicting upon this question. The trial court, by awarding judgment for the plaintiff, must have found adversely to this contention, and there is evidence upon which its findings can be sustained.

Second, it is claimed, that the uncontradicted evidence is that the defendants signed the contract as agents, and not otherwise; that the plaintiff knew at the time the contract was signed that the defendants were acting as agents, had signed as agents, and that the money received by the defendants from the plaintiff had, before the action was commenced, been accounted for and turned over to the principal for whom the defendants were acting as agents; that plaintiff knew this fact before she commenced this action, and for which reason, if she had a cause of action for the return of the money, it would be against the principal and not against them.

The contract was not binding upon Mrs. Payton at all. So far as she is concerned it was simply an offer upon behalf of Mrs. Borstadt, formerly Jennie Woodall, to purchase the property upon certain terms, to include certain conditions which she could thereafter accept or reject, just as she chose. The contract provides "that if said property cannot be delivered by said first party within the time specified and on the above mentioned terms and conditions, that the deposit hereby made shall be returned to said second party." It also provides that in case Jennie Woodall shall fail, refuse or neglect to comply with its conditions, then the deposit shall be forfeited *to said first party* as liquidated damages.

The form used for the making of this contract, after the place for the makers to sign, had an additional clause as hereinbefore set forth for the owner of the property to sign. The evidence shows that some time after its execution the defendants went to Mrs. Payton and secured her signature to their copy of this additional clause by which she agreed to accept the above and foregoing offer, showing conclusively that they were not authorized to make the contract for her and did not consider it her contract at the time of its execution by them, but in order to be able to consummate the deal, they secured her signature to it thereafter, which fact was unknown to plaintiff. The copy held by her was never signed by Mrs. Payton.

The evidence further shows that the plaintiff made demand for the return of the money before it had been delivered to Mrs. Payton, and that Mrs. Payton only received $25 from the defendants; the other $75 being retained by them as their alleged commission for perfecting this sale, which was the full amount they would have received had the sale been completed.

The fact that after the signature of the first party there is added "Agent for Bettie C. Payton," in our judgment, is immaterial and does not change the substance of the contract, and must be regarded as merely descriptive, when the substance of the contract itself is considered and viewed in the light of the surrounding circumstances under which it was executed. The evidence is to the effect that at the time the contract was signed by the agents, Mrs. Payton had never authorized them to sell the property at the price named in the contract and had never authorized them to make any contract concerning the lease held by her upon the building.

A somewhat similar case to the one under consideration is that of *Mead et al v. Altgeld,* 136 Ill. 298, wherein a receipt was given by the selling agent for $1,000, in part as follows:

"Received of   *   *   *   one thousand dollars, first payment on contract for purchase of lots * * *. It is understood and agreed, that in case the title proves to be not good, this one thousand dollars will be refunded by us to   *   *   *.

"(Signed)  Mead & Coe, Agents,

"*per  Wentworth.*"

It appears in that case that the seller (owner), a Mrs. Ray, executed a similar contract to the purchaser, and it was contended if there was any liability to refund the $1,000, such liability was upon her and not upon the agents, that she and not they should have been sued. In reply, the supreme court of Illinois states:

"* * * by applying to said receipt the recognized rules of construction, we are of the opinion that it amounts to a personal undertaking on the part of Mead & Coe to refund the $1,000 in case

the title should prove not good.  *  *  *  It was entirely competent for Mead & Coe, if they saw fit to do so, to become personally obligated to the plaintiff to refund him his money if the title should prove defective, and whether they did so or not must depend upon the construction to be given to the instrument to which they have affixed their signatures. *  *  *  The promise is manifestly their own personal promise, and the addition to their signature of the word 'agents,' must be regarded as a mere *descriptio personarum.*''

To the same effect is the case of *Phelps v. Brown et al.*, 30 Pac. 774 (Cal.).

In the case of *Scaling v. Knollin*, 94 Ill. App., at page 449, it it stated:

''It is the rule established in this state, that even if the party buying knows that the party selling is a broker, and although there be reason to believe that he is selling for some principal, yet if the party selling does not see fit to bind his principal by the form of the contract made, and does bind himself by the form of the contract, the agent thus contracting in his own name may be held to the liability of a vendor.''

As we understand the rule to be, a party is an agent or principal in accordance with the intention of the parties to the instrument.—*Frambach v. Frank*, 33 Colo. 529; *Whitney v. Wyman*, 101 U. S. 392; *Fowle et al. v. Kerchner et al.*, 87 N. C. 49; *Hicks v. Kenan*, 139 N. C. 337.

By the language of this contract, considered in the light of the surrounding circumstances, we conclude that the trial court did not err in holding that the defendants agreed upon behalf of themselves, that in case of its non-fulfillment in certain particulars the $100.00 would, by them, be returned to the plaintiff; not having done so and the findings

being that the conditions in the contract were not fulfilled in regard to the lease, the judgment should be affirmed, and it is so ordered.          *Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE MUSSER concur.