No. 9583.

CONDIT *v.* MERRITT PRINTING & STATIONERY COMPANY.

PRINCIPAL AND AGENT—*Liablity of Agent.* Where the agency is known to the one dealing with the agent, and the act is within the agent's authority, the agent cannot be held personally liable; that one who, dealing with the agent for the principal, with knowledge of the agency, charges the agent in his books is immaterial.

*Error to Denver County Court, Hon. Ira. C. Rothgerber,*
*Judge.*

*Application for supersedeas.*

*Department One.*

Mr. CHARLFS A. MURRAY, for plaintiff in error.

Mr. GEO. B. CAMPBELL, for defendant in error.

Opinion by Mr. Justice Teller.

THE defendant in error had judgment in an action on a balance on account for printing, which account extended over a term of years.

Plaintiff in error was the secretary and treasurer of a mining company, and it is not disputed that the printing was all done for the company. The testimony of the president of the defendant in error was that he knew the work was done for the Mining Company; and he admitted that, when bills for certain work were presented to Condit in his name, the latter directed that they be made to the Mining Company. The exhibits are so made out; that is, to the company.

It is also established that the bills were paid, from time to time, by the company's checks.

Under this state of facts, in the absence of any evidence that Condit agreed to become personally responsible for the account, he cannot be held liable.

This court has said:

"In general, where a person acts and contracts avowedly as agent of another, who is known as his principal, his acts and contracts, within the scope of his authority, are considered the acts and contracts of the principal, and involve no personal liability on the part of the agent." *Frambach v. Frank,* 33 Colo. 529.

When the agency is known, and the act is within the agent's authority, the presumption is that the intention is to bind the principal and not the agent.

Although it be true that the work was charged to Condit on the books of the Printing Company, he would not be

bound thereby under the facts of this case.  Merritt knew that Condit was acting for the Mining Company, and that the work was for it, and, that being so, he could by no process of bookkeeping make the agent liable without his consent.

The judgment is reversed, and the cause remanded for further proceedings in harmony herewith.

Chief Justice Garrigues and Mr. Justice Burke concur.