## WHITNEY *v.* WYMAN.

1. Where a party who discloses his principal and is known to be acting as an agent, enters as such into a contract, he is not liable thereon in the absence of his express agreement to be thereby bound.
2. Where a corporation, organized pursuant to the provisions of a statute, but before its articles of association were filed with the county clerk, entered into a contract for certain machinery to enable it to carry on its business. *Held,* that its subsequent recognition of the validity of the contract, was binding upon it although the statute declares that a corporation so organized shall not commence business before such articles are so filed.

ERROR to the Circuit Court of the United States for the Western District of Michigan.

. The facts are stated in the opinion of the court.

*Mr. J. W. Champlin* for the plaintiff in error.
*Mr. Mitchell J. Smiley, contra.*

MR. JUSTICE SWAYNE delivered the opinion of the court.
This action was brought to recover the value of certain

machinery manufactured by Whitney, which he alleged he had sold and delivered to Wyman and the other defendants.

The defendants insisted that they had contracted for and received the machinery in behalf of a corporation of which they were officers, and that hence were not personally liable.

The plaintiff lived in Massachusetts and the defendants in Michigan.

The latter addressed a letter to the former, which was as follows : —

"GRAND HAVEN, Feb. 1, 1869.
"BAXTER WHITNEY, ESQ., Winchenden, Mass. :

"SIR, — Our company being so far organized, by direction of the officers, we now order from you, manufactured and shipped, at as early date as possible — for the manufacture of the Mellish fruit basket — 1 large rounding lathe, 1 quart do. do., 2 lathes for peach basket bottoms, 3 do. do. quart do. do., pint do. do.   Also the necessary small fixtures for clasping, &c., of which Mr. Whitney is advised, and will give you more definite order.

"CHARLES WYMAN,
"EDWARD P. FERRY.
"CARLTON L. STORRS,
*"Prudential Committee Grand Haven Fruit Basket Co."*

To which the plaintiff replied : —

"WINCHENDEN, MASS., Feb. 10, 1863.
"GRAND HAVEN FRUIT BASKET COMPANY :

"GENTLEMEN, — Yours of the 1st inst. is received, in which you order machinery for fruit baskets, &c.   I had already anticipated your order by commencing on the machinery on Mr. Whitney's verbal order, and I am now driving it with all the force I can get on it.

"Yours respectfully,        BAXTER D. WHITNEY."

The plaintiff wrote further, as follows : —

"WINCHENDEN, April 14, 1869.
"MESSRS. C. E. WYMAN, E. P. FERRY, C. L. STORRS :

"GENTS, — I herewith send bill of machinery ordered by you Feb. 1st, and have drawn on you at sight for the amount, $6,375. The machinery was delayed two days in order to get into one of the blue line cars.   It has gone from the depot now and I have to send

to Fitchburg for through bill of lading, which I expect to-night, and will forward it as soon as I procure it.

　　　　" Yours respectfully,　　　BAXTER D. WHITNEY."

The plaintiff charged the defendants individually on his books for the machinery. His draft was protested, and he thereupon wrote as follows : —

　　　　　　　　" WINCHENDEN, MASS., May 14, 1869.
"MESSRS. CHARLES E. WYMAN, EDWARD P. FERRY, CARLTON
　　　　　　　　　L. STORRS :

" GENTS, — I have just received notice of protest of my draft on you. Reason given, machinery not arrived. I doubt not the machinery has arrived before now, and if so, I hope you will forward me draft on New York at once. I need the money very much, from the fact that parties here on which I relied for money have been burned out and they are unable to pay me at present.

　　　　" Yours respectfully,　　　BAXTER D. WHITNEY."

The last two letters were not answered.

The machinery was delivered at Grand Haven, and the freight was paid by Edward P. Ferry as the treasurer of the corporation. The draft of Baxter was protested, because it was addressed to the drawees individually. They claimed that he had no right so to draw on them.

The corporation was organized under a statute of Michigan which authorized mining and manufacturing companies to be created pursuant to its provisions. .It took the name of " The Grand Haven Fruit Basket Company."

On the 5th of January, 1869, thirty-two stockholders, including the defendants, subscribed the articles of association and acknowledged their execution before a notary public.

On the 21st of the same month there was a meeting of the stockholders, at which a code of by-laws was adopted. It provided for the election of seven directors, and of a president, secretary, and treasurer; and that the directors should elect out of their number one who, with the president and treasurer, should be a .prudential committee, and that the committee should be charged with such duties as might be devolved upon it by the board of directors. The defendants and four others were elected directors.

On the 25th of thè same month the board of directors elected the defendant Storrs president, the defendant Ferry treasurer, and the defendant Wyman for the third member of the prudential committee.

The articles of association were filed with the Secretary of State on the 19th of February, 1869, and with the county clerk on the 12th of May following. The statute declares that they shall be so filed before the corporation shall commence business. The notary public who certified the acknowledgment of the articles was himself a subscriber, and his name is included in his certificate. It was proved, by parol evidence, that the directors authorized the prudential committee to contract for the machinery.

The corporation received the machinery, bought an engine to run it, manufactured baskets with it, and carried on the business until some time in the year 1870.

On the 3d of March, 1870, Lyman and Fairbanks, two of the directors, were authorized to settle with the plaintiff on the best terms they could obtain.

The court instructed the jury in substance, that the letter of the prudential committee of Feb. 1, 1870, bound the corporation and not the defendants, if there was then a corporation and the defendants were authorized by it to give the order, and that if the corporation had acted as such and exercised its franchises, then it was a corporation *de facto*, and that in such case any irregularity in its organization was immaterial.

The plaintiff excepted to these instructions, and took numerous other exceptions in the course of the trial, which are set forth in the record.

The jury found for the defendants; and judgment having been entered for them, Whitney removed the case here.

Where the question of agency in making a contract arises there is a broad line of distinction between instruments under seal and stipulations in writing not under seal, or by parol. In the former case the contract must be in the name of the principal, must be under seal, and must purport to be his deed and not the deed of the agent covenanting for him. *Stanton* v. *Camp*, 4 Barb. (N. Y.) 274.

In the latter cases the question is always one of intent; and

the court, being untrammelled by any other consideration, is bound to give it effect. As the meaning of the law-maker is the law, so the meaning of the contracting parties is the agreement. Words are merely the symbols they employ to manifest their purpose that it may be carried into execution. If the contract be unsealed and the meaning clear, it matters not how it is phrased, nor how it is signed, whether by the agent for the principal or with the name of the principal by the agent or otherwise.

The intent developed is alone material, and when that is ascertained it is conclusive. Where the principal is disclosed, and the agent is known to be acting as such, the latter cannot be made personally liable unless he agreed to be so.

Looking at the letter of the defendants of the 1st of February, 1869, and the answer of the plaintiff of the 10th of that month, we cannot doubt as to the understanding and meaning of both parties with respect to the point in question.

The former advised the latter of the progress made in organizing the corporation; that the order was given by the direction of its officers, and the letter is signed by the writers as the " Prudential Committee of the Grand Haven Fruit-basket Co.," which was the name in full of the corporation. The plaintiff addressed his reply to the " Grand Haven Fruit-basket Company," thus using the name of the corporation as the party with whom he knew he was dealing, and omitting the names of the defendants, and their designation as a committee, according to the style they gave themselves in their letter.

It seems to us entirely clear that both parties understood and meant that the contract was to be, and in fact was, with the corporation, and not with the defendants individually.

The agreement thus made could not be afterwards changed by either of the parties without the consent of the other. *Utley* v. *Donaldson*, 94 U. S. 29.

But it is said the corporation at the date of these letters was forbidden to do any business, not having then filed its articles of association, as required by the statute.

To this objection there are several answers.

The corporation subsequently ratified the contract by recognizing and treating it as valid.

This made it in all respects what it would have been if the requisite corporate power had existed when it was entered into. Angell & Ames, Corp., sect. 804 and note.

The corporation having assumed by entering into the contract with the plaintiff to have the requisite power, both parties are estopped to deny it.    Id. sect. 635 and note.

The restriction imposed by the statute is a simple inhibition. It did not declare that what was done should be void, nor was any penalty prescribed. No one but the State could object. The contract is valid as to the plaintiff, and he has no right to raise the question of its invalidity. *National Bank* v. *Matthews*, 98 U. S. 621.

The instruction given by the court to the jury with respect to acts of *user* by the corporation in proof of its existence was correct. If there was any error, it was in favor of the plaintiff. Angell & Ames, Corp., sect. 635.

The record shows clearly that the plaintiff was not entitled to recover, and that the verdict and judgment are right. We, therefore, forbear to examine the other assignments of error. Conceding that all the exceptions to which they relate were well taken, the errors could have done him no harm. *Barth* v. *Clise, Sheriff*, 12 Wall. 400.

*Judgment affirmed.*