(6 Misc. Rep. 128.)

### BRADLEY FERTILIZER CO. v. SOUTH PUB. CO.

(Common Pleas of New York City and County, General Term.   December 4, 1893.)

APPEAL—To COURT OF APPEALS—MOTION FOR LEAVE.

A motion for leave to appeal to the court of appeals will not be granted in order to present the question "whether a corporation may not be estopped to deny its de facto existence at a time prior to its de jure existence, when the facts show that the corporate name at such prior time was used by the men who after its legal incorporation became its executive officers," it appearing that the corporate name was used by one man for many years before any incorporation was attempted, and that the debt sued for was incurred by him during such time.

Motion by plaintiff (respondent) for leave to appeal to the court of appeals.   Denied.

For decision on appeal to the court of common pleas, see 23 N. Y. Supp. 675.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

George Walton Green, for plaintiff.

Herbert H. Gibbs, for defendant.

PER CURIAM.   The plaintiff desires to present this precise question to the court of appeals:

"Whether a corporation may not be estopped to deny its de facto existence at a time prior to its de jure existence, when the facts show that the corporate name at such prior time was used by the men who after its legal incorporation became its executive officers?"

The facts of the present case do not present such a question.   The corporate name was used by one man for many years before any incorporation was attempted, and the debt sued for was incurred by him individually, under the pseudonym of "Manager of the South Publishing Company," there being at the time no such company, and no association of individuals doing business as such, and no attempt at any organization or incorporation; the corporation now sued having been organized by him and his former employes several months after the last delivery of the goods sued for, no part of which were received or used by such corporation.   Upon those facts, we have twice held, upon the two appeals in this case, that no cause of action against the defendant company on the ground of a prior de facto corporation was established, and there is no case to which our attention has been called which is in conflict with our views.   In Bow v. Allenstown, 34 N. H. 351, the municipality had for many years exercised corporate powers, and was held liable for obligations incurred before it actually received its charter.   In Dooley v. Glass Co., 15 Gray, 494, the corporation was not permitted to set up, in order to defeat a recovery, a defect in its organization; i. e. omission to publish the certificate of organization which had been filed in compliance with law.   In Whitney v. Wyman, 101 U. S. 392, a debt contracted by the parties organizing a corporation on its behalf and for its benefit, and subsequently recognized by it, was held to be the debt of the corporation, and not the obligation

of the parties. The latter case presents the question before us in the strongest way. Let us suppose that the plaintiff had sued Clough individually for the goods which he had ordered as manager of the South Publishing Company; he could not have defended upon the ground that the debt was not his debt, but that of the company which he subsequently organized; for it would appear that the goods were not ordered for any corporation then in existence or contemplated or in course of organization, but were for his individual benefit, his title of manager being purely fictitious. If he could not then have escaped liability to the plaintiff on the ground of agency, the plaintiff cannot assert such an agency as against a principal not in existence, and not at any time benefited by the transaction. There is no question, therefore, which we feel justified in sending to the highest appellate tribunal of the state for examination. Motion denied; no costs.