820

No. 1178.

District Court, D. Maine.
March 13, 1930.

See, also, 32 F.(2d) 247; 32 F.(2d) 252.

Philip G. Clifford, of Portland, Me., for plaintiff in error.

Verrill, Hale, Booth & Ives, of Portland, Me., for defendant in error.

PETERS, District Judge.

This matter came on to be heard on motions by the defendant to strike out the declaration filed by the plaintiff and to dismiss the action.

The suit was originally a bill in equity and tried as such, with judgment for defendant. Upon appeal, the Circuit Court of Appeals handed down the following mandate:

"The decree of the District Court is affirmed so far as it denies specific performance of the contract of October 2, 1916. But so far as it dismisses the bill as to other issues involved, it is reversed; and as to those issues the case is remanded to the District Court with directions to transfer it to the law side of the court, where within thirty days from the date of this order the plaintiff may have leave to amend its bill of complaint into an action at law for breach of the contract of October 2, 1916."

Within the time specified, the plaintiff took advantage of the permission granted, and filed a declaration as in an action at law. Subsequently the defendant filed the following motion:

"Now comes Sinclair Refining Company, defendant in the above-entitled cause, and moves to strike out the declaration heretofore filed by the plaintiff on August 29, 1929, on the ground that in said declaration the plaintiff attempts to set up a cause of action based on a contract entered into between the defendant and a certain unincorporated association referred to in said declaration as "Jenkins Petroleum Process Company," which contract is alleged to have been assigned by said unincorporated association to the plaintiff, a Wisconsin corporation, whereas the bill in equity originally brought by the plaintiff attempted to assert rights based on a contract entered into between the defendant and the plaintiff corporation, said declaration, therefore, not being within the permission granted by the mandate of the Circuit Court of Appeals dated July 30, 1929, and the order of this Court dated August 28, 1929, but being for a new and different cause of action.

"And the defendant further moves that the plaintiff's suit be dismissed because of its failure to amend its bill of complaint into an action at law for breach of the contract relied on in the bill in equity within the time fixed by the mandate of the Circuit Court of Appeals, and the order of this Court."

The defendant also filed a separate motion to dismiss the suit on the ground that the plaintiff has declared as assignee of a nonnegotiable chose in action without filing a copy of the assignment.

Decision on the question raised by the first motion will take care of both.

The point raised by the defendant is clearly stated in its motion. The plaintiff makes some objection to the form the pleading has taken, but, as the basic question is whether the plaintiff has complied with the mandate of the Circuit Court, I think it may be raised in this way because, if the plaintiff has not brought itself within the terms of the mandate, it is not properly in court.

The plaintiff filed its declaration within the specified time, amending its bill into an action at law for breach of the contract of October 2, 1916, but the defendant says that the plaintiff in its declaration now claims to be the assignee of that contract, whereas in the bill in equity and subsequent proceedings it took the position of an original party to the contract.

It is undoubtedly true that an action brought by a plaintiff as assignee of a contract is a different cause of action from one brought by the same plaintiff as a party to the same contract, and the plaintiff does not contend that it could set up in its declaration a different cause of action from that set forth in its original bill of complaint, so the substantial issue raised is whether the plaintiff now claims in any different capacity than it did in the bill. A decision requires a comparison of the language used in the declaration with the language used in the bill. Both set forth in substance that one Jenkins, and three other persons, prior to the date of this contract, associated themselves together for the purpose of developing and making profit from the inventions of Jenkins, who was working up into patentable form some ideas of his own connected with the oil cracking business; that they started the organization of a corporation to be called the Jenkins Petroleum Process Company, all the stock in which they subscribed for, and on September 25, 1916, a few days before the date of the contract in question, executed the articles of incorporation; that the certificate of incorporation was issued October 9th, and recorded October 16, 1916, and that thereafter all interest of the promoters in the Jenkins inventions and patents were conveyed to the corporation, the plaintiff. When it comes to describing the parties to the contract of October 2, 1916, the language of the bill is as follows:

"On or about the second day of October, 1916, the said Jenkins and his associates, acting in the corporate name of the plaintiff corporation, which was then in process of organization and in which the said Jenkins and his associates were the sole parties interested, and the said defendant * * * entered into a certain contract and agreement in writing, which was in words and figures as follows. * * * *"

Then follows the contract which is the basis of the proceedings, and which was signed in the corporate name of the plaintiff, then in process of being organized. That the contract was to enure to the benefit of the plaintiff and not the incorporators as individuals appears from the language of the document. The individuals are not mentioned in any way. The subject-matter of the contract related entirely to the future. It was agreed that any improvements in the process which might be developed later "shall accrue to the Jenkins Petroleum Process Company." That company was to pay for applications for any patents that might be developed in the future, and such applications with any improvements that might be afterward discovered were to be assigned to the "Jenkins Petroleum Process Company." The bill further alleges that, after the organization of the corporation had been completed and the Jenkins invention transferred to it, the corporation—the plaintiff—loaned the still in question to the defendant, and subsequently carried out the terms of the contract; the inventor, Jenkins, being in its employ.

I find no language in the bill describing the way in which the plaintiff acquired the contract, whether by assignment, adoption, ratification, or novation; but it is a justifiable assumption from the allegations in the bill and the evidence that the plaintiff corporation, without formal action, became bound as a party to the contract by adoption or novation, or, as it is sometimes said, ratification. The situation is similar to that in Whitney v. Wyman, 101 U. S. 392, 396, 25 L. Ed. 1050, where it was said in a conclusive statement of the law:

"It seems to us entirely clear that both parties understood and meant that the contract was to be, and in fact was, with the corporation, and not with the defendants individually.

"The agreement thus made could not be afterwards changed by either of the parties without the consent of the other. Utley v. Donaldson, 94 U. S. 29 [24 L. Ed. 54].

"But it is said the corporation at the date of these letters was forbidden to do any business, not having then filed its articles of association, as required by the statute.

"To this objection there are several answers.

"The corporation subsequently ratified the contract by recognizing and treating it as valid.

"This made it in all respects what it would have been if the requisite corporate power had existed when it was entered into. Angell & Ames, Corp. sect. 804 and note.

"The corporation having assumed by entering into the contract with the plaintiff to have the requisite power, both parties are estopped to deny it. Id. sect. 635 and note."

Both courts up to the present time have considered and treated the plaintiff as a party to the contract, in accordance with what appears to have been the original intention of everybody.

Has the plaintiff· in the declaration in the action at law attempted to change this status of a party to the contract to the status of an assignee of an "unincorporated association referred to in said declaration as Jenkins Petroleum Process Company?"

I consider that a reasonable interpretation of both bill and declaration shows that the intention was to set up the same cause of action in each, and that the plaintiff is suing as a party to the contract in both cases. The declaration contains practically all the allegations and claims of the bill, and in addition avers that the incorporators assigned all the "right, title and interest" in the contract as well as in the Jenkins invention, etc., to the corporation, but in the two places, one in each count, where the averment occurs, it is followed by the statement that the plaintiff "ratified" the contract.

In the first count it is alleged that: "Thereafter said (individuals named) assigned to said plaintiff all their right, title and interest in and to the contract hereinafter referred to and dated Oct. 2, 1916, and said plaintiff accepted said assignment and ratified said contract."

In the second count: "thereafter the said (individuals named) in pursuance of their previous agreement and understanding, conveyed to the plaintiff corporation all their interest in and to the said inventions of the said Jenkins, and in and to all applications for letters patent therefor and in and to all patents which thereafter might.be issued in connection with the said inventions or in connection with any improvements or developments thereof, and in and to their certain contract of October 2, 1916, which is hereinafter set forth, and said plaintiff accepted said assignment and ratified said contract."

Explaining these references to an assignment, the plaintiff's counsel say that as the individual incorporators who made the contract in the corporate name had possibly performed some part of it before the organization of the corporation became complete, it was thought necessary to assign their "right, title and interest" to the corporation and proper to allege it. They say that the assignment did not and was not .alleged to assign the contract—only the interest of the individuals therein, if any.

It will be observed that the pleader in the declaration has supplemented the language in the bill by saying that the plaintiff corporation ratified the contract. According to the case of Whitney v. Wyman, supra, that is a proper word to describe the process by which the corporation, when organized, adopts a contract made in its behalf by the promoters and makes it its own. Professor Williston, in his work on Contracts, § 306, thinks that "ratify" is not the most accurate word to use in such a case, but its use in the declaration was after its meaning in this connection had been established by the Supreme Court, and its significance cannot be overlooked. There are in the declaration no allegations that the plaintiff obtained its title to the contract by assignment—nothing to controvert the situation described in both bill and declaration as to the origin of the contract, which became the contract of the plaintiff by ratification—without special allegations in the bill, and with a special allegation to that effect in the declaration.

Giving effect to all parts of the declaration and considering its background, I cannot believe that any different cause of action is set up. Having the previous history of the litigation before us, it seems apparent that the same proof could be used to support the declaration that was produced for the bill in equity, and that, after all, is the conclusive test of whether there is a departure in pleading.

I cannot say that the plaintiff has failed to bring itself within the mandate of the Circuit Court of Appeals which authorizes the plaintiff to amend its bill of complaint ´into an action at law for breach of the contract of October 2, 1916, and therefore must order that both motions be denied.