## HALL *v.* ENCYCLOPAEDIA BRITANNICA, INC.

1. PRINCIPAL AND AGENT—APPARENT AUTHORITY—WRITTEN CON-TRACT—CORPORATIONS.

Provision of plaintiff book agent's written contract with defendant corporation that the contract should not be modified or changed by any verbal promise or statement by whomsoever made until approved in writing by the company negatived any claimed apparent authority of the corporation's division sales manager.

2. SAME—THIRD PERSON'S DUTY TO INQUIRE AS TO LIMITATION OF AUTHORITY OF AGENT.

If there is anything likely to put a reasonable businessman upon his guard as to the authority of the agent, it is the duty of such third party to inquire how far the agent's acts are in pursuance of the principal's limitation.

3. SAME—AUTHORITY OF CORPORATION'S DIVISION SALES MANAGER—ACCEPTANCE OF BENEFITS—RATIFICATION—ORAL MODIFICATION OF WRITTEN CONTRACT.

Where plaintiff book agent made no inquiry as to scope of authority of defendant corporation's division sales manager who made an oral agreement that the corporation undertook to do certain things, not mentioned in written contract, to aid plaintiff in the sale of books and there is no evidence

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 2 Am Jur, Agency, §§ 99, 100, 103.
[3] 2 Am Jur, Agency, § 104.
[4, 5] 2 Am Jur, Agency, § 315.
[6] 15 Am Jur, Damages, §§ 153, 182.

that the defendant corporation, prior to the termination of plaintiff's employment with it, accepted any benefits under the alleged oral agreement or in any other way ratified it, defendant corporation was not bound by such oral agreement.

4. SAME—AUTHORITY OF DIVISION SALES MANAGER—INDIVIDUAL RESPONSIBILITY.

In book agent's action against defendant corporation and its division sales manager for commissions under written contract as modified by latter's oral agreement that corporation undertook to do certain things to assist plaintiff in the sale of books, the individual defendant would not be bound where it is not alleged or shown that he was personally bound to do anything.

5. SAME—DISCLOSED PRINCIPAL—PERSONAL LIABILITY OF AGENT.

Where the principal is disclosed, and the agent is known to be acting as such, the latter cannot be made personally liable unless he agreed to be so.

6. DAMAGES—BREACH OF BOOK AGENT'S CONTRACT—SPECULATIVE ESTIMATES—SUBSEQUENT SALES—MENTAL ANGUISH.

Where book agent had neither an established business or market for the sale of defendant's books, nor a demonstrated record of previous sales from which a determination of possible future sales might have been made with reasonable certainty, court properly rejected offers of proofs of merely speculative estimates as to what commissions he might have earned had he received aid of defendant corporation to which he claims to have been entitled, and of what he later earned as book salesman for another concern, as well as shock and anguish suffered as a result of defendant's failure to perform.

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 5, 1949. (Docket No. 2, Calendar No. 43,833.) Decided May 18, 1949.

Assumpsit by Richard Hall against Encyclopaedia Britannica, Inc., a New York corporation, and Dante Guido for commissions claimed to be due plaintiff. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Arthur J. McIntyre,* for plaintiff.

*Bevan, Walter & Zwerdling,* for defendants.

DETHMERS, J.    Plaintiff entered into a written agreement whereunder he was appointed agent of the defendant corporation to sell books on a commission basis.    The contract contained the following provision:

"This contract shall not be modified or changed by any verbal promise or statement by whomsoever made and no such promise or statement shall be binding upon the company until the same shall have been approved in writing by the company."

Plaintiff says that thereafter defendant Guido, as division sales manager of the corporation, made an oral agreement with him on behalf of the corporation whereby the latter undertook to do certain things, not mentioned in the written contract, to aid plaintiff in the sale of books, but that the corporation failed to perform accordingly.

Plaintiff did not show that Guido had actual authority from the corporation to make the oral agreement and defendants deny it.    Plaintiff, however, relies upon language quoted with approval in *Grinnell* v. *Carbide & Carbon Chemicals Corp.,* 282 Mich 509, 525, as follows:

"It is elementary that persons dealing with an agent may rely on his apparent authority (*Marx* v. *King,* 162 Mich 258), and that such authority is to be gathered from all of the facts and circumstances properly admitted in evidence."

Aside from the fact that Guido was one of defendant corporation's division sales managers there is no evidence in the record to support a finding of apparent authority on his part to so bind the cor-

poration. The quoted provision of the contract constitutes a fact or circumstance negativing any idea of such apparent authority.

" 'If there is anything likely to put a reasonable business man upon his guard as to the authority of the agent, it is the duty of the third party to inquire how far the agent's acts are in pursuance of the principal's limitation.' " *Humphrey* v. *Onaway-Alpena Telephone Co.*, 204 Mich 97, 109.

Plaintiff made no such inquiry. There is no evidence that the corporation, prior to the termination of plaintiff's employment with it, accepted any benefits under the alleged oral agreement or in any other way ratified it.

Plaintiff's declaration does not allege nor did he show that Guido was personally bound to do anything under the alleged oral agreement.

"Where the principal is disclosed, and the agent is known to be acting as such, the latter cannot be made personally liable unless he agreed to be so." *Whitney* v. *Wyman*, 101 US 392 (25 L ed 1050).

Plaintiff had neither an established business or market for the sale of defendants' books, nor a demonstrated record of previous sales from which a determination of possible future sales might have been made with reasonable certainty. The court properly having rejected offers of proofs of plaintiff's merely speculative estimates as to what commissions he might have earned had he received the aid from the corporation to which he claims he was entitled (*Isbell* v. *Anderson Carriage Co.*, 170 Mich 304), and of what he later earned as salesman for another book selling concern (*Dowagiac Manufacturing Co.* v. *Corbit*, 127 Mich 473), as well as of shock and anguish suffered by him as a result of the corporation's failure to perform (15 Am Jur, Dam-

ages, § 182), plaintiff was left with no proof of any damages whatsoever.

The directed verdict for defendants of no cause for action is affirmed, with costs to defendants.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.