HUIZENGA v. WITHEY SHEPPARD ASSOCIATES

1. ELECTION OF REMEDIES—CONTRACTS—SALE OF LAND—BREACH—ACTIONS—THEORY OF RECOVERY.

The commencement of an action arising from default on a contract to purchase land based on one of a number of theories of recovery constitutes an election; and, while plaintiff may discontinue the action and sue again on the same claim, he cannot later sue on an inconsistent claim.

2. SAME—CONTRACTS—SALE OF LAND—SPECIFIC PERFORMANCE—FORECLOSURE.

Action by plaintiff seller for specific performance by defendant buyer of a contract to purchase land, resulting in judgment for plaintiff, a judicial sale, and a deficiency judgment against defendant *held*, an election of remedies that prevents plaintiffs from recovering damages from the realtor who handled the transaction.

3. BROKERS—REAL ESTATE—DOUBLE AGENCY.

A real estate broker may in certain circumstances, with the knowledge and consent of both buyer and seller, act as agent for both.

4. PRINCIPAL AND AGENT — DISCLOSED PRINCIPAL — LIABILITY OF AGENT.

An agent cannot be made personally liable on a contract when his principal is disclosed and the agent is known to be acting as such.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 25 Am Jur 2d, Election of Remedies §§ 16, 29; 49 Am Jur, Specific Performance §§ 138–159.
Dismissal of suit as affecting election of remedies as between damages and specific performance. 26 ALR 111.
[3] 12 Am Jur 2d, Brokers § 67.
[4, 5] 3 Am Jur 2d, Agency §§ 293–299.

5. SAME—DISCLOSED PRINCIPAL—LIABILITY OF AGENT—ACTIONABLE
FRAUD.

An agent of a disclosed principal is not personally liable in
transactions with a third party in the absence of actionable
fraud.

Appeal from Kent, Hoffius (Stuart), J. Submitted Division 3 October 11, 1968, at Grand Rapids. (Docket No. 4,151.) Decided January 30, 1969.

Complaint by John W. Huizenga and Elizabeth Huizenga, his wife, and Jacob H. Shoemaker and Virginia Shoemaker, his wife, against Withey Sheppard Associates, Lewis H. Withey III, Robert L. Hobeck and Barbara L. Hobeck, his wife, Jack E. Hobeck and Mary Hobeck, his wife, for specific performance of a contract to purchase land, and for money damages. Specific performance granted, but damages denied. Plaintiffs appeal. Affirmed.

*Thomas J. Whinery,* for plaintiffs.

*Warner, Norcross & Judd (Conrad A. Bradshaw,* of counsel), for defendant Whithey Sheppard Associates.

TEMPLIN, J. This is an action arising out of a breach of an agreement to purchase land wherein the sellers, plaintiffs-appellants herein, were denied relief by the lower court against the realtor representing the buyers who breached the agreement. The defendant buyers, the Hobecks, gave the defendant realtor, Withey Sheppard Associates, a check for $3,000 as a deposit on the purchase price of the property but told the realtor that the check would not be made good until later. The record reveals that the sellers were told by the realtor that it "had

a check for $3,000" as deposit, but that the sellers were never informed until after consummation of the agreement that the check was no good. Upon notification that the buyers no longer wished to purchase the land, the sellers sued both the realtor and buyers in a breach of contract action for the amount of the purchase price, $11,400. Before answer of the defendants, however, plaintiffs amended their complaint to one asking for specific performance from both the buyers and the realtor. A judgment for specific performance was rendered against the buyers (and, in effect, against the realtor, whom the court ordered to surrender the worthless check to plaintiffs). Upon the buyers' failure to comply with the judgment, the plaintiffs filed a petition for judicial sale and obtained a deficiency judgment against the buyers in the amount of $3,556.57 which was apparently uncollectible. Plaintiffs then attempted to recoup $3,000 (the face amount of the worthless check) less commission from the realtor which, upon denial by the court, prompted this appeal.

The principal question raised here is whether plaintiffs have made an election of remedies in obtaining specific performance against the buyers followed to conclusion by judicial sale and deficiency judgment which would preclude them from recovering from the defendant realtor.

Upon the buyers' breach of the purchase agreement, plaintiffs had several remedies available, including actions for fraud or misrepresentation, which were never pursued. Knowing that the check given by the buyers to the defendant realtor was worthless, they started a breach of contract action which was later amended to an action solely for specific performance as indicated by their pleadings and testimony during the trial;

"This is a suit for specific performance of a contract to buy land and sell land　*　*　*　well, we ask for specific performance. We are not suing for damages."

25 Am Jur 2d, Election of Remedies, § 29, states that:

"Although there is authority to the contrary, it is generally held that an action for damages, upon breach of contract, and a suit for specific performance of a contract, are inconsistent remedies, and therefore that a resort to one of these remedies will bar the right to invoke the other."

The Michigan Supreme Court held in *Mintz* v. *Jacob* (1910), 163 Mich 280, that:

"*　*　*　where a plaintiff has a choice between inconsistent *claims,* the commencement of an action upon one theory constitutes an election, and, while [the plaintiff] may discontinue [his action] and sue again upon the same claim, he cannot be allowed to sue upon an inconsistent claim."

In *Battle* v. *Battjes* (1936), 274 Mich 267, the Court further stated that:

"Where remedies are consistent with each other, no election occurs until judgment is entered or satisfaction had. But when the remedies are inconsistent, election occurs on institution of suit or other unequivocal act and bars subsequent action."

More applicable perhaps to the case at hand is the annotation in 116 ALR 601, 604:

"Where two remedies are alternative and inconsistent the generally accepted view appears to be that the pursuit of one remedy against one person bars recourse to the other remedy against a different person, *i.e.,* that the doctrine of election of

remedies may be applicable where the remedies are pursued against different persons   *   *   *

"A common type of case in which an election between two alternative defendants is required is that where an agency relationship is not disclosed at the time the agent makes a contract for the third person on behalf of his principal, the third person believing the agent to be acting for himself. The general rule is that, after the agency is discovered, the third person may at its option, hold either the agent or the undisclosed principal responsible. However, their liability 'is an alternative liability rather than a joint or a joint and several liability,' so he cannot hold both, and an election to hold either is irrevocable and bars a subsequent action against the other, although his claim is not satisfied."

Most pertinent, however, is the statement in 1 Callaghan's Michigan Pleading & Practice, § 9.03, p 239:

"If the particular method of recovery or enforcement and theory of a cause of action were deliberately chosen there can be no deviation therefrom because some other method might have been more efficacious."

We find that the plaintiffs did indeed make an election of remedies in pursuing their action for specific performance and are particularly bound by their election in this case where they proceeded to judgment against the defendant buyers and then succeeded in obtaining a deficiency judgment against them.

The determination of a second question presented to this Court in the briefs and oral arguments further precludes plaintiffs' right to recover. While it is true that a real estate broker, under certain circumstances, may with knowledge and consent of both the buyer and the seller lawfully act as agent for both, *McCulley* v. *Rivers* (1918), 203 Mich 417, the

record here clearly indicates that the defendant realtor was acting as an agent only for the defendant buyers who were disclosed as principals prior to the time the transaction was consummated. The defendant realtor had signed the purchase agreement "as agents" for the defendant buyers who had initially contacted it to obtain some suitable property.

It is a well accepted rule that where the principal is disclosed and the agent is known to be acting as such, the agent cannot be made personally liable unless he agreed to become personally liable. 1 Michigan Law & Practice, Agency, § 79; *Hall* v. *Encyclopedia Britannica* (1949), 325 Mich 35. Also see *Bailey* v. *Cornell* (1877), 66 Mich 107. We find no such agreement here.

Further, in the absence of an actionable fraud, an agent of a disclosed principal is not liable in a transaction with a third party. *Van Wie* v. *Fidelity Trust Co.* (1931), 254 Mich 108. Plaintiffs herein have at no time indicated any claim of fraud.

Affirmed. Costs to defendants.

LESINSKI, C. J., and FITZGERALD, J., concurred.