NATIONAL TROUT FESTIVAL, INC., *v.* CANNON

OPINION OF THE COURT

1. PRINCIPAL AND AGENT—DISCLOSED PRINCIPAL—JUDGMENT AGAINST AGENT.

Recovery of judgment against the agent of a disclosed principal for breach of contract does not thereby discharge the principal unless the agent and principal were joint contractors.

2. PRINCIPAL AND AGENT—DISCLOSED PRINCIPAL—JUDGMENT AGAINST AGENT.

Plaintiff's accord and satisfaction with the agent of a disclosed principal under their contract does not constitute a discharge of the defendant principal where plaintiff contracted with defendant's agent to obtain the services of defendant, and where the agent then contracted with defendant to secure her services.

DISSENT BY T. M. BURNS, P. J.

3. PRINCIPAL AND AGENT — DISCLOSED PRINCIPAL — LIABILITY OF AGENT.

*An agent acting on behalf of a disclosed principal may never be held liable for a breach of contract by the principal.*

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  5 Am Jur 2d, Agency § 339.
[3–5]  5 Am Jur 2d, Agency § 293 *et seq.*

4. PRINCIPAL AND AGENT—DISCLOSED PRINCIPAL—RETENTION OF
  MONEY—SATISFACTION.

*Retention of money by plaintiff, because of defendant's breach of
  contract, from the amount payable to defendant's agent, as
  provided in the contract between the plaintiff and the agent,
  necessarily inured to the benefit of defendant as a satisfaction
  if defendant was a disclosed principal, because the agent would
  not be liable for the principal's breach.*

5. PRINCIPAL AND AGENT—UNDISCLOSED PRINCIPAL—RETENTION OF
  MONEY—SATISFACTION.

*Retention of money by plaintiff, because of defendant's breach
  of contract, from the amount payable to defendant's agent as
  provided in the contract between the plaintiff and the agent,
  would operate to release the defendant principal if defendant
  were an undisclosed principal.*

Appeal from Saginaw, Joseph R. McDonald, J.
Submitted Division 3 November 9, 1970, at Grand
Rapids. (Docket No. 8601.) Decided April 21, 1971.

Complaint by National Trout Festival, Inc.,
against Sarah Cannon, also known as Minnie Pearl,
and Alfred Slaggert, for breach of contract. Sum-
mary judgments for each defendant. Plaintiff ap-
peals as to defendant Cannon. Reversed.

*Edward W. Ten Houten,* for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy*
(by *Thomas F. James*), for defendant Cannon.

Before: T. M. BURNS, P. J., and R. B. BURNS and
MUNRO,* JJ.

R. B. BURNS, J. Plaintiff appeals the trial court's
decision granting defendant Cannon's (Minnie
Pearl's) motion for summary judgment.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff commenced suit based on a contract dated March 1, 1966, in which codefendant Slaggert Theatrical Agency agreed to furnish entertainment for plaintiff's fall festival. The contract further provided that Slaggert had the right to substitute talent for any of the proposed acts with the consent of the plaintiff.

Plaintiff's complaint alleged that defendant Cannon, through her agent, Slaggert, entered into the contract to be performed in the village of Kalkaska; that Cannon failed to appear and Slaggert failed to substitute talent in place of Cannon. Plaintiff asked damages for defendants' breach of contract.

Defendant Cannon in her answer denied that Slaggert was her agent and that she was a party to the March 1, 1966, contract. She alleged, as affirmative defenses, that she had entered into a contract on March 8, 1966, with Slaggert, agent of the plaintiff, to appear at the trout festival but that the contract relieved her of any liability for its breach in case of interference with her means of transportation; that due to inclement weather her plane could not take off from New Philadelphia, Ohio and, therefore, she was excused from appearing at plaintiff's festival.

After the pretrial conference defendant Slaggert filed a motion for summary judgment based on an accord and satisfaction as plaintiff had withheld from monies paid to him the sum due for the appearance of Cannon. The motion was unopposed and a summary judgment entered for Slaggert.

Defendant Cannon then filed a motion for summary judgment based on GCR 1963, 117.2(3).[1] The

---

[1] ".2 Grounds. The motion for summary judgment shall state that the moving party is entitled to judgment in his favor because of any 1 of the following grounds: * * *

thrust of the motion was that Cannon would admit for the purposes of the motion only that Slaggert was her agent, that there was no genuine issue as to any material fact and that she was entitled to a judgment as a matter of law.

The trial judge in his opinion stated:

"The court having heard the argument of counsel in open court, and having reviewed the law cited by counsel, has reached the conclusion that the motion for summary judgment should be granted."

Defendant in her trial brief for the proposition stated:

"While a person contracting with an agent for a principal may hold either the agent or principal, he cannot recover from both and if, with full knowledge of the facts material to his rights he elects to hold the agent, he thereby discharges the principal. Such an election of remedies must be made because the liability of the principal and agent is that of only one party to one contract, and the third person must name the party with whom he contracted. The liability of the principal and agent is not joint, nor is it several but rather alternative in character." 3 CJS, Agency, § 248; 3 Am Jur 2d Agency §§ 308, 309, 342. Theory also confirmed in 1 Restatement Agency, 2d, § 210.

This statement is almost a direct quotation from 3 CJS, Agency, § 248, pp 175, 176, with one exception. The exact quotation starts, "While a person contracting with an agent for an *undisclosed* principal * * * ". (Emphasis supplied). All of the other citations mentioned in the brief deal with undisclosed principals.

---

"(3) that except as to the amount of damages there is no genuine issue as to any material fact, and the moving party is therefore entitled to judgment as a matter of law."

This is not the law when a third party is dealing with a disclosed or partially disclosed principal.

" 'Where the principal is disclosed, and the agent is known to be acting as such, the latter cannot be made personally liable unless he agreed to be so.' *Whitney* v. *Wyman*, 101 US 392 (25 L Ed 1050)." *Hall* v. *Encyclopaedia Britannica, Inc.* (1949), 325 Mich 35, 38.  See also *Huizenga* v. *Withey Sheppard Associates* (1969), 15 Mich App 628, 633.

The general rule throughout the country involving liability of disclosed principals is stated in 1 Restatement Agency, 2d, § 184, p 417:

"(1) Recovery of judgment against the agent of a disclosed or partially disclosed principal for failure of performance of a contract to which the agent is a party does not thereby discharge the principal unless the agent and principal were joint contractors."

The trial judge applied incorrect substantive law in granting the summary judgment.

Reversed and remanded for trial.  Costs to plaintiff.

MUNRO, J., concurred.

T. M. BURNS, P. J. (*dissenting*).  The contract signed March 1, 1966, by plaintiff and Slaggert, theatrical agent, provides in part:

"And in event any of the attractions above named shall fail or refuse to appear as hereinbefore agreed, for any cause which is not the fault of the party of the first part, the latter shall not be liable for any damages sustained by the party of the second part to such default and, in any such event, the party of the first part shall have the right to substitute another act or attraction of equal merit with

the consent of the party of the second part. Or, otherwise, the party of the second part shall have the right, at their discretion, to deduct the amount of salary agreed by both parties, set opposite such defaulting attraction, from the total amount of this contract."

Plaintiff now contends that although Slaggert Theatrical Agency acted only as an agent for the defendant and, therefore, plaintiff was really contracting with the defendant, that the above provision in the contract only served to relieve the theatrical agency from any liability resulting from defendant's failure to appear.

However, assuming first that defendant was a disclosed principal, it is an elementary principle of the law of agency that an agent, acting on behalf of a disclosed principal, may never be held liable for a breach by the principal:

"If a contract is made with a known agent acting within the scope of his authority for a disclosed principal, the contract is that of the principal alone and the agent cannot be held liable thereon."[1]

Plaintiff makes no claim that the theatrical agency is a joint principal or a surety. Plaintiff's claim is based solely on the fact that the theatrical agency acted as agent on behalf of the defendant. It would, therefore, follow that since defendant is the only one that plaintiff can hold liable on the contract,[2] the above-quoted portion of the contract would also enure to the defendant's benefit.

Plaintiff retained $775 of the contract price pursuant to the above provision due to defendant's failure to appear. Since the theatrical company could in no way be relieved from liability, because

---

[1] 3 Am Jur 2d, Agency, § 294, p 654.

[2] *Id.*

it had none, the retention of the funds must necessarily operate as a satisfaction of any claim against defendant.[3]

On the other hand, if it is assumed that defendant was not a disclosed principal, but rather was undisclosed, as was pointed out in the majority opinion, the satisfaction against the agent would also serve to release the defendant-principal. I can see no way that defendant, as agent, whether disclosed or undisclosed, can be held liable for any damages other than those provided for in the contract, since plaintiff makes no claim that the damages are totally unrelated to its actual damages or that the contract provision is in the nature of a penalty.

Accordingly, I would affirm the trial court.

---

[3] See 2 Restatement Agency, 2d, § 320, p 67.