# STATE OF MICHIGAN

# COURT OF APPEALS

HOWARD & HOWARD ATTORNEYS,
P.L.L.C.,

        Plaintiff/Counter-Defendant-
        Appellant,

v

PETER JABBOUR,

        Defendant/Counter-Plaintiff-
        Appellee.

FOR PUBLICATION
July 30, 2015
9:00 a.m.

No. 320291
Oakland Circuit Court
LC No. 2012-128121-CK

Before: WILDER, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's denial of its motion for summary disposition and grant of summary disposition in favor of defendant. Defendant was appointed by the trial court to a receivership to oversee certain businesses involved in an underlying lawsuit; as part of his receivership, he retained plaintiff to perform legal services in connection with the receivership. The receivership appointment order specified that the receivership estate was to pay the receiver's fees and expenses, including compensating plaintiff. However, the parties to the underlying lawsuit settled and, despite being ordered to do so, never paid the entirety of plaintiff's fees. Plaintiff commenced the instant suit against defendant personally, which the trial court deemed impermissible. We affirm.

The trial court's ruling on a motion for summary disposition is reviewed de novo on appeal. *Oliver v Smith*, 290 Mich App 678, 683; 810 NW2d 57 (2010).

A party who retains attorneys such as plaintiff would, of course, ordinarily be obligated to compensate those attorneys pursuant to their contract. However, an agent who contracts with a third party on behalf of a disclosed principal is generally not liable to the third party in the absence of an express agreement to be held liable. *Nat'l Trout Festival, Inc v Cannon*, 32 Mich App 517, 521; 189 NW2d 69 (1971); *Huizenga v Withey Sheppard Assoc*, 15 Mich App 628, 633; 167 NW2d 120 (1969). A court-appointed receiver is an officer or agent of the court. *In re Kennison Sales & Engineering Co, Inc*, 363 Mich 612, 618; 110 NW2d 579 (1961). The order of appointment explicitly so states. In accord is authority stating:

-1-

One who contracts with the court through the receiver becomes, in effect, a party to the receivership proceedings in respect of the court's future dealings with him or her and his or her rights under the contract. [75 CJS, Receivers, § 165, pp 509-510.]

Similarly:

The general rule is that an allowance of attorney fees in cases of this nature is properly made to the receiver and not directly to the attorneys, and that the attorneys must look to the receiver for their compensation, but they cannot hold the receiver personally liable. [65 Am Jur 2d, Receivers, § 225, pp 780-781.]

The parties' contract in this case explicitly and unambiguously stated that all legal services were being performed pursuant to defendant's appointment by the trial court as receiver. There is no plausible dispute that defendant was lawfully acting within the scope of his receivership authority at all relevant times and that plaintiff was aware of that fact.

Defendant did agree that plaintiff is entitled to be paid. However, the evidence shows that defendant did not concede that *he* was obligated to make that payment personally. Plaintiff apparently believes that defendant's concession established an account stated. See *Fisher Sand & Gravel Co v Neal A Sweebe, Inc*, 494 Mich 543, 554-555; 837 NW2d 244 (2013) (explaining that an open account is converted into an account stated when the parties agree to a sum due from one to another). Defendant did not agree that he owed the sum; only that plaintiff was owed it. In any event, defendant's alleged liability is predicated on the agreement to pay for services rendered to him as receiver under the retainer agreement and, as discussed above, defendant is not personally liable for those services.

The trial court properly granted summary disposition in favor of defendant and properly denied summary disposition to plaintiff. In light of our conclusion that defendant cannot be held personally liable for the amount due plaintiff on these facts, we need not address the remaining issues plaintiff raises on appeal. Affirmed.

/s/ Kurtis T. Wilder
/s/ Douglas B. Shapiro
/s/ Amy Ronayne Krause